IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SHERRI LISTON**                                                                  **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:21-CV-26-DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER
OF THE SOCIAL SECURITY ADMINISTRATION**                  **DEFENDANT**

## FINAL JUDGMENT

Plaintiff Sherri Liston filed a Complaint for Judicial Review of Social Security Decision of the unfavorable decision of the Commissioner of Social Security regarding an application for supplemental security income. Docket 1. The parties have consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 17. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds that the Commissioner's decision should be affirmed.

## FACTS

The plaintiff filed for benefits on February 25, 2019, alleging onset of disability commencing on October 13, 2018. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on September 11, 2020. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD), coronary artery disease status post STEMI and RSA stenting, hypertension, and osteoarthritis. The ALJ found she retained the residual functional

capacity (RFC) to perform light work with occasional exposure to extreme heat, cold, and humidity, and only infrequent exposure to dust, fumes, odors, gases, and other pulmonary irritants.

The ALJ found the plaintiff is capable of performing her past relevant work as a retail cashier stocker. The plaintiff's work history and earning reports indicated that she performed the job of retail cashier stocker at Walmart for one to two months in 2007, during the relevant period. The ALJ's decision notes that the plaintiff earned #3,981.21 in this period which constitutes substantial gainful activity.

## ANALYSIS

The plaintiff's first argument contends the ALJ erred in determining she could return to her past relevant work as a retail cashier stocker. As noted above, the ALJ found the plaintiff's "work history and earning reports, as well as her testimony, indicate that she performed this job at Walmart for one to two months in 2007, within the relevant period" and "earned $3,981.21 […] exceed[ing] the amounts required to constitute substantial gainful activity." Plaintiff's earning statements reflect the stated earnings from Wal-Mart Associates Inc. in 2007, and she testified that she worked at Walmart for "maybe a month/two months, maybe" as a "sales associate." Docket 11 at 241, 50. Without indicating the dates of employment, the plaintiff's Work History Report includes "Walmart Associate" and specifies she earned $7.25 an hour working 8 hours per day, 5 days a week.[1] *Id*. at 268-69. The plaintiff contends that her earning

---

[1] Page 1 of the Work History Report includes three job titles: (1) Walmart Associate, (2) Dollar General Associate, and (3) Dollar General 3rd Key Manager. Docket 11 at 268.

| Job Title | Type of Business | Dates Worked (Month & Year) | |
|---|---|---|---|
| | | From | To |
| 1. Walmart Associate | retail | | |
| 2. Dollar General associate | retail | | 7/23/14 |
| 3. Dollar General 3rd key manager | retail | | 7/23/14 |

statements are inconsistent with her testimony that she was paid $7.25 an hour for approximately two months. She argues that at this hourly rate, it would have taken "nearly three and one-half months for her to make $3,981.21," thus making it "difficult (if not impossible) to determine if this Walmart job was past relevant work or even a full-time job." Docket 22 at 10.

Social Security Ruling 86-8 instructs "past work experience should be considered carefully to assure that the available facts support conclusions regarding the claimant's ability or inability to perform this work." *Titles II & XVI: The Sequential Evaluation Process*, SSR 86-8 (S.S.A. 1986). Regulations provide that prior "work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. § 416.965. The plaintiff bears the burden of proof on the first four steps of the sequential analysis and thus bears of the burden of establishing that the Walmart job does not constitute past relevant work. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Here, the Walmart job was performed in 2007, within 15 years of the date of the ALJ's decision, and the record verifies that the amount earned constitutes substantial gainful activity. *See* 20 C.F.R. § 404.1574 ("We will use your earnings to determine whether you have done substantial gainful activity unless we have information from you, your employer, or others that

---

The form instructs "Give us more information about Job No. 1 listed on Page 1" and requests the rate of pay, hours per day, and days per week. *Id*. at 267.



The same instructions are provided for Job No. 2, presumably the Dollar General Associate position as listed on Page 1. *Id*. at 270. The plaintiff maintains there is some confusion because nothing is listed in the spaces for "Job Title No. 1" and "Job Title No. 2" on these subsequent pages; however, the court is satisfied that job title nos. 1 and 2 correspond with the job titles the plaintiff provided on page 1 of the Work History Report. Therefore, only the information provided regarding "Job No. 1" is relevant to this issue.

shows that we should not count all of your earnings."). The plaintiff has not presented any evidence that the earnings totaling $3,981.21 do not constitute substantial gainful activity beyond her mere speculation that perhaps a portion of those earnings resulted from part-time work. Therefore, there is no dispute that the earning statements reflect $3,981.21 for work performed at Walmart in 2007. Taken in conjunction with the plaintiff's own testimony, substantial evidence supports the ALJ's determination that the Walmart job met the requirements of past relevant work.

Next, the plaintiff argues the ALJ erred in failing to order a consultative examination. Because the ALJ rejected nurse practitioner Jennifer Warren's medical source statement, the plaintiff maintains a consultative examination was necessary due to the absence of an opinion from a treating or examining source in the record. Under 20 C.F.R. 404.1519a(b), the Commissioner has the discretion to order a consultative examination "to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to allow us to make a determination or decision on your claim." The Commissioner's discretion is limited where a claimant "raises the requisite suspicion" that such an examination is necessary to discharge the ALJ's duty of full inquiry. *Haywood v. Sullivan*, 888 F.2d 1463, 1472 (5th Cir. 1989).

The ALJ determined Ms. Warren's opinion was inconsistent with and unsupported by the medical evidence of record. The ALJ specifically found Ms. Warren's findings were overly limiting and inconsistent with the plaintiff's reported activity level to various other medical providers as well as internally inconsistent with her own treatment notes and objective findings. Conversely, the ALJ found the DDS medical consultants' administrative findings were "substantially consistent with and supported by the entirety of the medical evidence of record."

As specifically outlined in the Commissioner's brief, the ALJ's decision thoroughly discusses the objective medical evidence including multiple diagnostic tests and physical examinations that are consistent with the DDS physicians' findings and supportive of the ALJ's disability determination. Because the evidence as a whole was sufficient for the ALJ to make a disability determination, she was not required to order a consultative examination. Accordingly, the court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. The Commissioner's decision is **AFFIRMED**.

**SO ORDERED**, this the 3rd day of February, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**